# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

November 6, 2019

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Doe v. Indyke et al.*, No. 19-cv-08673 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We represent Jane Doe in the above-captioned action. We write in response to Defendants' two letters filed yesterday regarding: (1) related case status (ECF 19); and (2) document preservation (ECF 20).

Since we do not see any conceivable basis under Rule 13 of the Rules for the Division of Business Among District Judges in the Southern District to oppose designating these cases with overlapping defendants, legal issues, and factual allegations as related, we oppose Defendants' request for 30 days to respond. *See* Local Rule for the Division of Business Among District Judges in the Southern District 13(a); *see also Poindexter v. Cash Money Records*, No. 13-cv-5882, 2014 WL 1383781, at *2 (S.D.N.Y. Apr. 8, 2014); *Pace v. Quintanilla*, No. 13-cv-91, 2013 WL 5405563, at *5 (S.D.N.Y. Sept. 23, 2013). Our client was understandably shocked by the suicide of Jeffrey Epstein in federal custody, and is eager to obtain a modicum of justice as soon as possible. All we have seen from Defendants, however, are efforts at delay. We very much want to push this case forward to trial as soon as possible, and it is essential to have a judge assigned who will preside over the entire progress of the case in order to do so.[1]

---

[1] Notably, contrary to the suggestion in Defendants' letter, Plaintiff is not seeking consolidation at this time. We further note that the cases that Plaintiff has proposed as related have now all been reassigned to the same magistrate judge, including: *VE v. Nine East 71st Street et al.*, No. 19-cv-07625 (S.D.N.Y.) (Nathan, J.); *Doe 1 et al.*

KAPLAN HECKER & FINK LLP                                                                                           2

   As for preservation, the issues we have raised regarding preservation present yet another compelling reason why these cases should be marked as related since the risks of spoliation face plaintiffs in all cases. While we appreciate Defendants' explanation about Mr. Epstein's clothing (which was not previously provided to us), that was not the point of our prior letters and emails to Defendants. (*See, e.g.*, ECF 14 Ex. A.) The point of our letters and emails was that we have asked Defendants to identify *which* categories of documents and other information we have specified for preservation they believe are "argumentative, assume facts that have not been proven and implicate information protected by the attorney-client privilege and attorney work product doctrine," and are therefore not being preserved. Defendants have failed to answer that simple question, which understandably causes us great concern about spoliation given Mr. Epstein's multiple residences across the globe, the fact that one of the two Defendant executors is a lawyer, and the fact that, as a result of a will he signed just before his death, Mr. Epstein's estate is being probated in the Virgin Islands.

   We look forward to discussing these issues with Your Honor in Court tomorrow.

                 Respectfully submitted,

                 Roberta A. Kaplan

cc: Counsel of Record

---

*v. Jeffrey Epstein et al.*, No. 19-cv-07675 (S.D.N.Y) (Daniels, J.); *Doe v. Darren K. Indyke et al.*, No. 19-cv-07771 (S.D.N.Y.) (Castel, J.); *Doe v. Darren K. Indyke et al.*, No. 19-cv-07772 (S.D.N.Y.) (Carter, J.); *Doe v. Darren K. Indyke et al.*, No. 19-cv-07773 (S.D.N.Y.) (Ramos, J.); and *Doe 17 v. Indyke et al.*, No. 19-cv-9610 (S.D.N.Y.) (Engelmayer, J.).