**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

November 13, 2019

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

       Re: *Doe v. Indyke et al.,* No. 19-cv-8673-KPF (S.D.N.Y.)

Dear Judge Failla:

  We represent Plaintiff Jane Doe in the above-captioned action.  We write in response to a request we received from Defendants yesterday, November 12, 2019, to extend their time to respond to Plaintiff's Complaint and Motion to Proceed Under Pseudonym.  We anticipate that Defendants will file a letter with the Court seeking an extension, as they did yesterday in four related cases.[1]  Defendants have offered no legitimate basis for their request, and their continued efforts to delay these proceedings and avoid their discovery obligations risks significant prejudice to Plaintiff.  Plaintiff therefore cannot agree to any extension of Defendants' time to respond.

  As the Court is aware, Plaintiff filed the Complaint in this action and a Motion to Proceed Under Pseudonym on September 18, 2019.  (ECF Nos. 1 & 3.)  On September 24, 2019, counsel for Defendants agreed to accept service of the Complaint, and we agreed, at Defendants' request, to extend Defendants' time to respond to the Complaint and to the Motion to Proceed Under Pseudonym from October 15, 2019 to November 15, 2019, which the Court approved on October 7, 2019.  (ECF No. 10.)  On October 15, 2019, the Court scheduled the initial pretrial conference for December 13, 2019.  (ECF No. 11.)  On November 12, 2019, merely three days

---

[1] Defendants have also sought additional time to respond to the complaints filed in almost all other pending cases against the Epstein estate in the Southern District of New York.  *See Doe v. Darren K. Indyke et al.*, No. 19-cv-07773 (S.D.N.Y. Nov. 12, 2019), ECF No. 25; *Doe v. Darren K. Indyke et al.*, No. 19-cv-07772 (S.D.N.Y. Nov. 12, 2019), ECF No. 32; *Doe v. Darren K. Indyke et al.*, No. 19-cv-07771 (S.D.N.Y. Nov. 12, 2019), ECF No. 38; *Doe 1 et al. v. Jeffrey Epstein et al.*, No. 19-cv-07675 (S.D.N.Y Nov. 12, 2019), ECF No. 20; *VE v. Nine East 71st Street et al.*, No. 19-cv-07625 (S.D.N.Y. Nov. 12, 2019), ECF No. 27.

KAPLAN HECKER & FINK LLP                                                                                                             2

before Defendants' responses are due, counsel for Defendants contacted us to request a three-week extension of the November 15 deadline. *See* Ex. A.

Defendants' counsel asserts that the delay is necessary because Defendants are planning to seek approval of their decision to offer an alternative claims resolution program from a court in another jurisdiction. *Id.* Defendants offer no meaningful reason why their exploration of an alternative dispute resolution mechanism should delay litigation of Plaintiff's claims. Plaintiff has no obligation to participate in any such program and, indeed, Plaintiff has significant concerns about the fairness and efficiency of the process Defendants are apparently developing. [2]

Regardless, Defendants have already had more time than should be necessary to file an answer to the Complaint. Defendants have no non-frivolous basis to file a motion to dismiss, and counsel for Defendants has told us that they are not likely to oppose the Motion to Proceed Under Pseudonym. Essentially, by November 15, 2019, Defendants will have had sixty days to file a simple answer. There is no reason for continued delay.

Finally, as we have made clear to Defendants and the Court, we have serious concerns about the Defendants' unwillingness to confirm that they are preserving documents relevant to this action. (ECF No. 14.) We are eager to begin discovery as soon as possible to limit the risk of spoliation in light of Defendants' refusal to confirm that they are preserving all relevant evidence. To the extent that Defendants' request would require that the Court push back any deadlines related to discovery, including the pretrial conference schedule for December 13, such a request would be prejudicial to Plaintiff.

Plaintiff has already waited more than fifteen years for some semblance of justice for the harm Epstein wrought. She cannot agree to wait any longer for this action to move forward.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc: Counsel of Record

---

[2] Despite our repeated requests to be informed of Defendants' efforts to arrange a resolution process, Defendants have kept us almost entirely in the dark. Yesterday, counsel for Defendants indicated that Defendants plan to seek approval from a U.S. Virgin Islands court of their decision to create a voluntary claims resolution program. *See* Ex. A. If approved, Defendants will then arrange for claims administration experts to design such a program. *Id.* Defendants have provided us with no timeline for when they will seek approval of their decision to establish this alternative process and for how long it will take to design the process.