UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                *Plaintiff*,

    v.

DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN,

                *Defendants*.

Case No. 19 Civ 8673

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

                Roberta A. Kaplan
                Kate L. Doniger
                Kyla Perry Simmons Magun
                Alexandra K. Conlon

                KAPLAN HECKER & FINK LLP
                350 Fifth Avenue, Suite 7110
                New York, New York 10118
                Telephone: (212) 763-0883
                Facsimile: (212) 564-0883

                *Attorneys for Plaintiff Jane Doe*

Plaintiff Jane Doe ("Plaintiff"), by her undersigned attorneys, respectfully submits this memorandum of law in reply to the Defendants' Memorandum of Law in Response to Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 31 ("Resp.")), and in further support of her Memorandum of Law In Support of Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 4 (the "Mem. In Supp.")).

## ARGUMENT

Defendants assert that they do not object to Plaintiff proceeding under a pseudonym. (*See* Resp. at 1.) However, they ask the Court to enter an order ("Defendants' Proposed Order") (Ex. A to Resp.), that would render the protections of pseudonymous proceedings meaningless.[1] Defendants' Proposed Order expressly allows Defendants to disclose Plaintiff's identity to an unnecessarily broad list of individuals and, worse, vests in Defendants the unilateral discretion to disclose Plaintiff's identity *even further* whenever Defendants determine such disclosure is "necessary to defend against this action." (Ex. A to Resp. at 5.) These terms present too great a risk that Plaintiff's identity will be disclosed, exposing her to the serious risks of harm that pseudonymous filing is meant to prevent. (Mem. In Supp. at 8-10.)

Further, Defendants have done nothing to show that these terms are necessary to protect their ability to conduct discovery and reasonably defend this case. Defendants do not explain, for example, why a generic category of "other assistants" who work with or for the Epstein Estate need to know the identity of a victim of child sexual abuse. Nor can they provide any justification for giving themselves carte blanche to disclose Plaintiff's identity whenever they see fit. If Defendants need to disclose Plaintiff's identity to someone other than Counsel in order to

---

[1] Notably, despite the fact that Plaintiff and Defendants have had multiple communications by email, letter, and phone, including most recently a meet and confer on November 14, Defendants never attempted to discuss with Plaintiff the changes they have proposed in the Proposed Order.

1

defend against this action, Defendants should seek permission from this Court for that disclosure and require such individual to sign a Non-Disclosure Agreement, to be agreed upon by the parties and the Court, stating that that person agrees not to disclose Plaintiff's identity under any circumstance. *See, e.g.*, *Doe et al. v. The Trump Corp. et al.*, No. 18-cv-9936 (S.D.N.Y. Sept. 10, 2019), ECF No. 112. Such a step imposes a minimal burden on Defendants and provides meaningful protection to Plaintiff. Indeed, in a related case, Judge Castel struck the precise balance Plaintiff aims to strike here by permitting the plaintiff, another victim of Jeffrey Epstein's sex abuse, to proceed under pseudonym and requiring the defendants to seek permission from the Court before disclosing the plaintiff's identity "to any person other than counsel." *See Katlyn Doe v. Indyke et al.*, No. 19-cv-7771 (S.D.N.Y. Sept. 12, 2019), ECF No. 28 at 5; *see also Jane Doe 17 v. Indyke et al.*, No. 19-cv-9610 (S.D.N.Y. Nov. 8, 2019), ECF No. 25; (Mem. In. Supp. at 1 (citing cases)). Notably, Defendants have not objected to Judge Castel's Order.

Plaintiff recognizes that Defendants must be able to fully respond to her Complaint. In an effort at compromise and to strike the appropriate balance between the parties' respective interests, Plaintiff attaches a revised proposed order (the "Revised Proposed Order"), which incorporates several provisions of Defendants' Proposed Order while limiting the risk that Plaintiff's identity becomes publicly known. The Revised Proposed Order requires Plaintiff's counsel to disclose Plaintiff's identity to Defendants' counsel within three days of the entry of the order, as suggested by Defendants. (Ex. A to Resp. at 1.) Likewise, the Revised Proposed Order directs the parties to file under seal any pleadings, motions or papers that disclose Plaintiff's identity, to make their best efforts to minimize the use of sealing, and to publicly file a redacted copy of any document filed under seal. (*Id.* at 1-2.) However, the Revised Proposed

Order limits disclosure of Plaintiff's identity to Defendants' counsel and requires Defendants to seek permission from the Court for any further disclosures.  (*Id.*)  These measures should ensure that the Defendants can fully defend themselves while ensuring that Plaintiff, a child sex abuse victim of an infamous predator, does not face unnecessary disclosure of her identity in this closely-watched litigation.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion and adopt Plaintiff's Revised Proposed Order.

Dated: November 19, 2019                                  Respectfully submitted,

*[signature]*

Roberta A. Kaplan
Kate L. Doniger
Kyla Perry Simmons Magun
Alexandra K. Conlon

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
kdoniger@kaplanhecker.com
kmagun@kaplanhecker.com
aconlon@kaplanhecker.com

*Attorneys for Plaintiff Jane Doe*