**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

**MEMO ENDORSED**

December 4, 2019

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

The Honorable Debra Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Doe v. Indyke et al.,* No. 19-cv-8673-KPF (S.D.N.Y.)

Dear Judges Failla and Freeman:

      We represent Plaintiff Jane Doe in the above-captioned action. Pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice, we write to respond to Defendants' letter, dated December 2, 2019, concerning their anticipated motion to dismiss. (ECF No. 35.)

      First and most importantly, some basic explanation of this case is in order. Plaintiff (who was fourteen years old when the relevant events began) has filed a Complaint sounding in diversity and containing the following four common law causes of action: (1) sexual assault; (2) sexual battery; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. The factual allegations supporting these four causes of action are set forth in paragraphs 1–86 of the 90-paragraph Complaint.

      Federal Rule 12(b)(6) permits a defendant to file a motion to dismiss for "failure to state a *claim upon which relief can be granted*" (emphasis added).  Here, however, Defendants have conceded that they have no viable, non-frivolous argument to dismiss any of Plaintiff's four causes of action, or "claims upon which relief can be granted," as we predicted in our prior letter to the Court dated November 13, 2019 (ECF No. 27).  In other words, in contrast to many of the other

**KAPLAN HECKER & FINK LLP**

cases in this District against Mr. Epstein's Estate, Defendants here have *not* identified a single reason to dismiss any of the four causes of action.[1]

The only argument that Defendants have advanced in their December 2 letter relates to the question of damages. Defendants argue that the phrase "punitive damages" should be deleted from the "Prayer for Relief" section at the very end of the Complaint (¶¶ 87–90). Because, as outlined above, none of Plaintiff's four claims for relief would actually be impacted even if Defendants were to succeed on this argument, we believe that Defendants' motion is more properly denominated as a motion to strike pursuant to Fed. R. Civ. P. 12(f), rather than a motion to dismiss pursuant to Rule 12(b)(6).[2] Rule 12(f) motions, however, are strongly disfavored in this District, in large part because they are commonly used by litigants (as is the case here) to unreasonably delay proceedings. *Wine Mkts. Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Because striking a portion of a pleading is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor."); *see also ,e.g.*, *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, No. 93 CIV. 6876 LMM, 2000 WL 1876916, at *1 (S.D.N.Y. Dec. 22, 2000). Indeed, as Judge Kaplan has observed, Rule 12(f) motions "have been described aptly as . . . time wasters." *Carmona v. Spanish Broad. Sys., Inc.*, No. 08 Civ. 4475, 2009 WL 890054, at *10 (S.D.N.Y. Mar. 30, 2009).

Defendants' proposed motion is precisely the sort of "time-waster" that Judge Kaplan criticized. Certainly, Plaintiff will oppose Defendants' motion on the merits: although Defendants contend that New York Estates, Powers, and Trusts Law § 11-3.2(a)(1) prohibits Plaintiff from seeking punitive damages, Defendants ignore the threshold question of whether New York probate law even applies to the question of punitive damages in this case, given that Mr. Epstein purposefully availed himself of the presumed benefits of Virgin Islands law when he chose to probate his Estate there just days before his death. It is therefore only reasonable that he and his beneficiaries should expect that USVI law would govern all matters relating to the estate, including the availability of punitive damages. *See King v. Car Rentals, Inc.*, 29 A.D.3d 205, 212 (2d Dep't 2006) (explaining importance of parties' reasonable expectations to choice-of-law analysis).

But equally as important, there is no reason why resolution of this choice-of-law question should cause any further delay in this case beyond the sixty-day extension that Defendants have

---

[1] *See VE v. Nine East 71st Street et al.*, No. 19 Civ. 7625 (Nathan, J.) (ECF No. 38) (Defendants filed motion to dismiss battery claim on statute-of limitations grounds and duplicativeness and negligence claims for failure to adequately allege sufficient facts); *Doe v. Darren K. Indyke et al.*, No. 19 Civ. 7771 (Castel, J.) (ECF No. 43) (Defendants filed pre-motion to dismiss letter arguing that plaintiff failed to adequately allege claims against corporate defendants, among other grounds); *Doe v. Darren K. Indyke et al.*, No. 19 Civ. 7772 (Carter, J.) (ECF No. 38) (Defendants filed pre-motion to dismiss letter arguing that plaintiff's claims are not adequately alleged, rely on impermissible group pleading, are duplicative, and are time-barred, among other grounds); *Doe v. Darren K. Indyke et al.*, No. 19 Civ. 7773 (Ramos, J.) (ECF No. 31) (same).

[2] S*ee, e.g.*, *Rapay v. Chernov*, No. 16 Civ. 4910, 2017 WL 892372, at *8 (S.D.N.Y. Mar. 6, 2017)*; Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1093 (E.D.N.Y. 1990) (denying Rule 12(f) motion to strike punitive damages), *aff'd*, 938 F.2d 1574 (2d Cir. 1991); *Martinez v. Ketchum Advert. Co.*, 865 F. Supp. 166, 169 (S.D.N.Y. 1994).

already received. (ECF No. 10.) In addition to punitive damages, Plaintiff seeks actual, compensatory, statutory, and consequential damages, as well as a declaratory judgment that Defendants are liable for Mr. Epstein's violations of law, and Defendants have no legal basis to strike any of those. Compl. ¶¶ 87–90. As a result, there is no question that Plaintiff would be entitled to damages if she proves her claims; the only question presented by Defendants is the type of damages available. There is no reason to decide that question before discovery begins. Indeed, it is not uncommon in this District for issues concerning the availability of certain forms of relief to be deferred for resolution until after the close of discovery. *Stepski v. M/V NORASIA ALYA*, No. 06 Civ. 1694, 2010 WL 6501649, at *11 (S.D.N.Y. Jan. 14, 2010) (deciding availability of punitive damages at summary judgment stage); *Light v. W2001 Metro. Hotel Realty LLC*, No. 10 Civ. 4449, 2011 WL 2175778, at *4 (S.D.N.Y. June 2, 2011) (same).

In addition, because Defendants' anticipated motion concerns the availability of only a single aspect of the relief sought and does not relate to a single factual allegation in the Complaint, the Court should order Defendants to respond to those allegations by answering the Complaint while their motion to strike punitive damages is pending. *See* Fed. R. Civ. P. 12(a)(4) (setting forth impact of filing a Rule 12 motion on party's time to file a responsive pleading "*unless the Court sets a different time*.") Nor is there any justification for a continued delay in commencing discovery. *See, e.g.*, *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (discovery should presumptively proceed during pendency of motion to dismiss). In fact, given the small number of anticipated witnesses, Mr. Epstein's obvious unavailability to testify, and the straightforward nature of Plaintiff's tort claims, minimal discovery is required. This case can and should be ready for trial within six months.

Accordingly, Plaintiff respectfully requests that either Judge Failla or Judge Freeman promptly schedule a Rule 16 conference, so that a discovery schedule can be established in this case in short order. In sum, regardless of whether Defendants' motion is construed as a motion to dismiss or a motion to strike, one thing is clear—there is no good reason for further delay in this case.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record

The Court is in receipt of Defendants' December 2, 2019 letter (Dkt. #35), and Plaintiff's above reply (Dkt. #36). The parties are hereby ORDERED to appear for a conference before the undersigned on **December 11, 2019 at 11:30 a.m.** in Courtroom 26B of Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY.

SO ORDERED.

Dated: December 6, 2019
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE