Troutman Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

January 13, 2020

**ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:**   *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as the Executors of the Estate of Jeffrey E. Epstein*, 1:19-cv-08673-KPF-DCF

Dear Judge Freeman:

We represent Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action.  We write to correct several inaccuracies in Plaintiff Jane Doe's status report filed on Friday, January 10, 2020 (ECF Doc. 42).

First, as we indicated to Your Honor on Friday, in a joint status report submitted on behalf of all parties in five other actions against the Estate,[1] we understand that the vast majority of the plaintiffs in these and other actions pending in this District will or are likely to participate in the Epstein Victims' Compensation Program (the "Program").  Although none is required to do so in order to participate in the Program, five plaintiffs have voluntarily stayed their actions pending their participation therein.[2]  Respective counsel for all plaintiffs have conferred extensively with the Program administrator and designers – Jordana Feldman, Kenneth Feinberg and Camille Biros – including in person, to consider the Program's design and to provide specific input on the draft Program protocol circulated on December 13, 2019 by Ms. Feldman, Mr. Feinberg and Ms. Biros.  As counsel for five plaintiffs wrote to Your Honor on Friday, "we agree with Defendants' assertion that our discussions with the designers and administrator of the … Program have been positive and productive."[3]

---

[1] *See VE*, 1:19-cv-07625-AJN-DCF (ECF No. 52).
[2] *See Jane Doe 1, et al.*, 1:19-cv-07675-GBD-DCF (ECF No. 36); *Jane Doe 17*, 1:19-cv-09610PAE-DCF (ECF No. 39).
[3] *See VE*, 1:19-cv-07625-AJN-DCF (ECF No. 51).



Second, as noted above, the Co-Executors have not required any claimants to stay their actions in this Court (or in any other jurisdictions) as a pre-condition to participate in the wholly independent and completely voluntary Program; the Program administrator and designers have also made that point clear.  While some plaintiffs have seen the wisdom in briefly putting their litigations on hold to participate in the Program, that is a choice that all claimants are entirely free to make at their sole discretion.  The Co-Executors have not asked Plaintiff Jane Doe to stay this action, and in fact agreed on the proposed discovery schedule attached as Exhibit A to Ms. Kaplan's letter.

Third, it was at the specific request of Ms. Feldman, Mr. Feinberg and Ms. Biro that counsel for the Co-Executors did not attend Ms. Kaplan's in-person meeting or participate in her other discussions with the Program administrator and designers.  Collectively, they have several decades of experience in this field, and expressed their strong belief that Ms. Kaplan and other plaintiffs' counsel would be more candid in our absence.  They also recommended that their discussions with plaintiffs' counsel be confidential, and the Co-Executors accepted that recommendation.  We are encouraged that other plaintiffs' counsel – including David Boies, Lisa Bloom and Brad Edwards – have reacted positively to the Program as an alternative mechanism for resolving claims against the Estate.

Fourth, the Court need only review my letter to Ms. McCawley of the Boies Schiller firm dated December 3, 2019 (a copy of which is attached as Exhibit D to Ms. Kaplan's letter) to recognize the inaccuracy of the statement that the Co-Executors "represent[ed] that they do not know how much money the Estate has or how much the Program will have access to."  Only Ms. Kaplan and the other plaintiffs' counsel know the number of other individuals who intend to file additional claims, as well as the nature and scope of those claims.  Once plaintiffs' counsel provides that information, the Co-Executors will be better able to assess the amount of money that will ultimately be required to adequately fund the Program.  Morever, as I explained in my letter to Ms. McCawley (on which Ms. Kaplan and all other plaintiffs' counsel were copied), the Co-Executors intend that the Program be "open-ended" regarding amounts awarded – *i.e.*, the Estate will not impose any absolute numerical cap on the Program's aggregate compensation payments.  Inasmuch as Plaintiff is required neither to accept any award from the Program nor stay this litigation during the relatively short period that her participation in the Program is pending, fixation on the total amount available in the Program is misguided.  If Plaintiff is ultimately dissatisfied with the results of the Program, she will have lost nothing.[4]

---

[4] Alone among plaintiffs in all of the actions pending in this Court, only Ms. Kaplan's client filed an application in the Superior Court of the U.S. Virgin Islands that requests an extension of the schedule for the Co-Executors' pending motion for formal approval of the Program.  Such an extension would substantially delay implementation of the Program, which would be profoundly disappointing to all claimants who seek to participate in the Program, as well as to the Co-Executors.

January 13, 2020
Page 3



<u>Finally</u>, we understand that the Program administrator and designers are prepared to appear before Your Honor to explain the Program's goals, structure and planned implementation, if Your Honor believes it would be productive.

Despite the skepticism evident in Ms. Kaplan's status report, the Co-Executors continue to believe that the Program will provide a singular opportunity to resolve Plaintiff's claims in a voluntary, confidential and non-adversarial manner.

Respectfully submitted,


<u>s/Bennet J. Moskowitz</u>
Bennet J. Moskowitz


cc:     All Counsel of Record