UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>        *Plaintiff*,<br><br>  v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the executors of the Estate of Jeffrey E. Epstein,<br><br>        *Defendants*. | No. 19 Civ. 8673 (KPF) (DCF) |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

  **WHEREAS**, certain documents and information have been and may be sought, produced or exhibited by and between the Parties to this proceeding (the "Proceeding"), which relate to the Parties' personal identifying information, financial information, or other kinds of sensitive information that the Party (including any non-Party) making the production deems confidential; and

  **WHEREAS**, it has been agreed by and among the Parties to the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

  **WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the Parties;

  **IT IS HEREBY ORDERED** that any person subject to this Protective Order—including without limitation the Parties to the action; their attorneys, representatives, employees, agents, experts, investigators and consultants, acting as such; all third Parties providing discovery in this action; and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

Plaintiff's Identity

1. The Order on Plaintiff's Anonymity (ECF No. 41) governs disclosure of Plaintiff's identity. Nothing in this Protective Order shall be construed as superseding or limiting the Order on Plaintiff's Anonymity. In the event of a conflict, the terms of the Order on Plaintiff's Anonymity shall govern.

Discovery Materials May Be Designated as Confidential Information

2. A Party (the Plaintiff and Defendants, collectively the "Parties") producing "Discovery Material" (*i.e.*, all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise) (the "Supplying Party") to any other Party (the "Receiving Party") may, through counsel, designate as "Confidential Information" any confidential or private personal information (hereinafter "Designated Material").

3. A non-Party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Confidential Information or may redact Financial Information, as described in Paragraph 5, pursuant to the terms of this Protective Order. A non-Party's use of this Protective Order to protect its Confidential Information and/or Financial Information does not entitle that non-Party access to the Confidential Information and/or Financial Information produced by any Party in this case.

4. "Confidential Information" includes but is not limited to:

    a. personally identifying information, including ~~but not limited to~~ contact information, addresses, phone numbers, email addresses, social security numbers, identification card numbers, driver's license numbers, passport numbers, or other government identification numbers, and any other similar information, but excluding Financial Information (as defined in Paragraph 5 below); *DF*

    b. medical information, including documents containing medical and/or psychological conditions, diagnoses, or treatment, communications with health care providers and their staff (including any doctor, surgeon, psychiatrist, dentist, nurse, psychologist, therapist, counselor, medical advisor, mental health provider, or specialist), and any information that would be protected under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

    c. any material or portion thereof that contains trade secrets, proprietary business information, or other information the disclosure of which would, in the good faith judgment of the designating person, be seriously detrimental to the producing person's business or personal interests;

    d. any material or information that could be used to identify Plaintiff, including, but not limited to, images, recordings, names of family members, past or current employers; and

    e. any other category of information given confidential status by this Court after the date of this Order.

5. The Supplying Party must redact unique identifiers pertaining to financial records, including bank account numbers, credit card numbers, usernames and passwords ("Financial Information"). Documents containing Financial Information shall be redacted but shall not be designated as Confidential Information in full solely on the grounds that they contain Financial Information.

6. In designating material as Confidential Information, the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to such treatment pursuant to this Protective Order.

7. Discovery Material produced by a Supplying Party shall, if appropriate, be designated as Confidential Information by marking the first page of the document and each subsequent page thereof containing Confidential Information as follows:

**CONFIDENTIAL**

All Confidential Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated by marking it shall be designated by the Supplying Party informing the Receiving Party of the designation in writing.

8. A Party or non-Party (or its counsel) may designate as Confidential Information testimony disclosed at a deposition taken in connection with this Proceeding by:

    a. designating testimony given on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in Paragraph 7, above; or

    b. notifying all other Parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition of specific pages and lines of the transcript which are designated as Confidential Information.

Whereupon each Party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that Party's possession, custody, or control. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential Information.

<u>Who May Receive Designated Material</u>

9. Designated Material shall be disclosed by the Receiving Party only to the following persons:

    a. the Parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel to work on this action;

    c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    d. any witness who counsel for a Party in good faith intends to call to testify at trial or deposition in this action, provided such person, other than those persons set forth in subparagraphs 9 (a), (b), and (c) has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A (the "Non-Disclosure Agreement") and only to the extent necessary to prepare the witness to testify;

    e. any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement, and further provided that any such support staff are subject to contractual or professional duties of confidentiality with respect to such material;

    f. stenographers and video technicians engaged to transcribe or record depositions conducted in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

    g. independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

    h. the Court and its staff;

    i. any mediators engaged by the parties;

    j. any claims administrator for the Epstein Victims' Compensation Program and such administrator's support staff, if, and only if, Plaintiff chooses to participate in said program; and

    k. any other person whom the producing person, or other person designating the Discovery Material as Confidential, agrees in writing may have access to such Designated Material.

10. Counsel shall take all reasonable and necessary steps to ensure the security of any Designated Material and will limit access to Designated Material to those persons listed in Paragraph 9 of this Protective Order.

11. All persons to whom Designated Material is to be disclosed pursuant to Subparagraphs 9 (c)-(g) and (j) as applicable above, as well as Plaintiff and Defendants, shall, prior to disclosure, be advised of the contents of this Stipulation and Protective Order and be required to execute the Non-Disclosure Agreement evidencing their agreement to the terms of the Protective Order. To the extent that any such person refuses to sign the Non-Disclosure Agreement, a Party may seek proper recourse including, but not limited to, an order directing that such person is subject to the terms set forth herein.

12. Counsel for the Party that obtains signed Non-Disclosure Agreements, as required herein, shall retain them for six (6) months following the final termination of this Proceeding, including any appeals, and shall make them available to the other Party upon good cause shown. Counsel of record shall maintain a list of the names of all persons to whom such Designated Material is disclosed and such list shall be available for inspection by counsel for the Party claiming confidentiality upon order of the Court following a show of good cause.

13. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party (or its counsel) designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected Parties, orders such disclosure.

14. Any Party may request at any time permission to disclose Designated Material to a person other than those permitted under Paragraph 9 above or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the Designated Material the Party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefore. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or email transmission) as soon as practicable, but within ten (10) business days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. If, where consent is withheld, the requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as Confidential Information (*i.e.*, the requesting Party may disclose the Designated Material only as permitted under Paragraph 9 above) unless and until differing treatment is directed pursuant to an order of the Court.

Responding to a Subpoena

15. In the event a Party or non-party having possession, custody, or control of any Designated Material received as part of this Proceeding receives a subpoena or other process or order to produce such information, such subpoenaed Party or non-party shall

promptly notify by e-mail the attorneys of record of the Supplying Party (or, if the subpoenaed person is a non-party, the Parties) and shall furnish those attorneys with a copy of said subpoena or other process or order. The Party or non-party receiving the subpoena or other process or order shall not produce the requested Designated Material unless and until a court of competent jurisdiction so directs, except if the Supplying Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Party or non-party receiving the subpoena or other process in writing of the Supplying Party's intention to contest the production of the Designated Material prior to the date designated for production of the subpoenaed information, in which event the Party or non-party who received the subpoena or other process may produce on the designated production date, but no earlier. The Supplying Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The Party or non-party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

Later Designation of Confidential Information

16. Any Supplying Party may designate as Confidential Information (or withdraw a designation regarding) any material that it has produced; provided, however, that such designation shall be effective only as of the date of such designation. Such designation shall be accomplished by providing written notice to counsel of record for each Party identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony, or other information whose designation is to be changed and, promptly after providing such notice, by providing re-labeled copies of the material to the Receiving Party reflecting the new designation. Upon receipt of any such written designation, counsel of record shall: (i) not make any further disclosure or communication of such newly Designated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any newly Designated Material of the treatment of such material required under this Protective Order pursuant to the designation; (iii) promptly endeavor to procure all copies of such newly Designated Material from any persons known to have possession of any such Designated Material who are not entitled to receipt of Designated Material under Paragraph 9 above; and (iv) replace the newly Designated Material with the re-labeled copies of the material and make reasonable efforts to destroy the copies of the Designated Material produced prior to such designation.

Objecting to Designations of Confidential Information

17. Any Party may object to the propriety of the designation or the lack of designation of specific material as Confidential Information or Financial Information (the "Objecting Party"). A Party shall not be obliged to challenge the propriety of the designation at the

time of production or later designation, and failure to do so shall not preclude a subsequent challenge thereto.  The Objecting Party should serve a written objection upon the Supplying Party's counsel who shall thereafter, within ten (10) business days, respond to such objection in writing (by hand delivery, courier, or email transmission) by either: (i) agreeing to remove, change, or add the designation; or (ii) stating the reasons for such designation or lack thereof.  If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation or lack thereof.  On such a motion, it will be the burden of the Party imposing a limitation on circulation of discovery materials to justify that limitation.  The material(s) in issue shall continue to be treated in the manner imposing the greatest limitation on circulation sought by a Party until the Court orders otherwise.

<u>Inadvertent Disclosure of Confidential Information</u>

18. If a Receiving Party receives documents or other materials that it has reason to believe are subject to a good faith claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure, the receiving party must refrain from examining the documents or other materials any more than is essential to ascertain whether the documents or other materials are reasonably subject to such a claim.  The Receiving Party shall promptly notify the Supplying Party in writing that the Receiving Party possesses documents or other material that appears to be privileged or otherwise protected from disclosure.

19. If, in connection with this litigation, a Supplying Party inadvertently discloses information that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege or immunity from discovery with respect to the Inadvertently Disclosed Information or its subject matter.  In addition, a Supplying Party may use its own document (*e.g.*, as a deposition exhibit) containing material that is subject to a claim of privilege or immunity from disclosure for the purpose of establishing the basis of such claim without waiver of any applicable privilege or immunity from disclosure, unless the producing person affirmatively uses or relies upon the specific material contained in the document that is subject to the claim of privilege or immunity from disclosure for any purpose other than establishing the basis of such claim.

20. If a Supplying Party makes a claim of inadvertent disclosure, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five business days after the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Supplying Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22. The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  Pursuant to the Parties' obligations set forth herein, the motion shall not quote or paraphrase the substance of the document subject to the motion to compel beyond the description of the document contained in the privilege log entry for the document.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production in this action.

23. The Supplying Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any Supplying Party or Receiving Party to request an *in camera* review of the Inadvertently Disclosed Information.

<u>Filing Designated Material in This Action</u>

24. All Designated Material that is filed with the Court, or any pleadings, motions or other papers filed with the Court that reveals any information that has been designated as Confidential Information by any Party or non-Party, shall be filed as redacted or under seal consistent with Section 1.C of Magistrate Judge Freeman's Individual Practices, Section 9 of Judge Failla's Individual Rules of Practice in Civil Cases, and the Court's Order on Plaintiff's Anonymity (ECF No. 41).

25. Prior to filing with the Court Designated Material, the Parties shall meet and confer concerning any redactions, and cooperate in seeking to resolve any disputed issues of confidentiality.  The Party intending to file the Designated Material with the Court shall make all reasonable efforts to provide the redacted document(s) to the other Party for review two (2) business days prior to filing.  If the Parties cannot resolve a dispute arising from this Paragraph, they shall follow the procedures set forth in Section 1.C of Magistrate Judge Freeman's Individual Practices or Section 3.C of Judge Failla's Individual Rules of Practice in Civil Cases.

<u>Use of Confidential Information/Designated Material</u>

26. Persons having knowledge of Confidential Information only by virtue of their participation in the Proceeding shall use that Confidential Information only in connection with the Proceeding or appeal thereof, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in Paragraph 9 of this Protective Order.

27. Designated Material, any copies and/or extracts thereof, and anything derived therefrom, shall not be disclosed in any way for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this Proceeding.

28. Nothing in this Protective Order shall restrict any Party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other Party's Designated Material, other than in a manner provided for in this Protective Order.

29. If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its designated status during such use.

30. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence, or to affect any Party's right to assert that documents or information may be withheld on grounds of relevance, privilege, or any other ground.

31. Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

32. Nothing contained in this Protective Order prejudices a Party's ability to seek discovery in this and any other legal proceeding, without prejudice to any other Party's right to object to such discovery.

33. Nothing in this Protective Order shall prevent any Party from seeking further protection with respect to the use of any such Designated Material in connection with the trial, a hearing, or other proceeding in this litigation.

34. Nothing contained herein shall preclude any Party from using its own Designated Material in any manner it sees fit, without prior consent of any Party or the Court.

<u>Improper Disclosure of Designated Material</u>

35. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

36. In the event of a proven willful violation of this Protective Order by any Party in this action or others designated in Paragraph 9 hereof, all Parties acknowledge that the offending Party or persons may be subject to sanctions determined in the discretion of the Court.

Destruction of Designated Material

37. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies shall be returned or destroyed within sixty (60) calendar days of receipt of the request to the Supplying Party; provided, however, that attorney work product, briefs and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by the Parties' counsel and, if so retained, shall continue to be maintained as Confidential in accordance with the provisions of this Stipulation. Notwithstanding the foregoing, Designated Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files, and the Receiving Party must take reasonable measures to ensure that unauthorized persons do not have access to Designated Material residing on the recipient's computer server and back-up media.

Retention of Jurisdiction

38. The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the Parties or order of the Court.  The Parties shall be free to use any admissible Designated Material at trial and any appeals related to this Proceeding but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials to the general public.  The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the Parties.

39. The terms of this Protective Order may be amended or modified by written agreement of the Parties or upon motion and order of the Court.  This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this Proceeding.

Time of Effect

40. This Protective Order shall become effective as between the Parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately denied, withheld, or made conditional, no Party shall treat any Designated Material produced prior to that time in a manner inconsistent with this Protective Order without giving the producing Party sufficient advance notice to allow for application to the Court for additional relief.

The Parties, by their counsel, hereby consent to entry of the foregoing Order:

Dated: New York, New York
April 28, 2020

Respectfully Submitted,

By: *[signature]*

Roberta A. Kaplan
Kate L. Doniger
Alexandra Conlon
Kyla P.S. Magun
Louis W. Fisher

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
kdoniger@kaplanhecker.com
aconlon@kaplanhecker.com
kmagun@kaplanhecker.com
lfisher@kaplanhecker.com

*Attorneys for Plaintiff Jane Doe*

BJM /KPSM

Bennet J. Moskowitz

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Bennet.Moskowitz@troutman.com

*Attorney for Defendants
Indyke and Richard D. Kahn, Co-
Executors of the Estate of Jeffrey E.
Epstein*

IT IS SO ORDERED this __30__ day of ____April____, 2020

*[signature]*
The Hon. Debra Freeman
United States Magistrate Judge

As modified in paragraph 4(a).

11

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                    *Plaintiff*,<br><br>    v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the executors of the Estate of Jeffrey E. Epstein,<br><br>                  *Defendants*. | No. 19 Civ. 8673 (KPF) (DCF) |

**NON-DISCLOSURE AGREEMENT**

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Designated Material (the "Protected Material"). I agree that (1) I will hold in confidence all Protected Material to the extent required by the Protective Order and agree to be bound by the terms of that Order; (2) I will use such Protected Material only for purposes of this litigation and for no other purpose whatsoever; and (3) I will take all due precautions to prevent the unauthorized or inadvertent disclosure of such Protected Material.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated:

                                                                      [Signature]