Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
D: 212-704-6000
bennet.moskowitz@troutman.com

June 10, 2020

**VIA ELECTRONIC COURT FILING**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *Jane Doe*, **1:19-cv-8673 (KPF) (DCF)**

Dear Judge Freeman:

We represent Defendants in the above-referenced action.  We write to request that the Court extend the remaining deadlines in the above-refenced action, as set by this Court's Order dated April 21, 2020, by thirty (30) days, as follows:

- the deadline for completion of fact discovery be extended from July 10, 2020 to **August 10, 2020;**

- the deadline for service of Plaintiff's expert report[s] be extended from July 10, 2020 to **August 10, 2020**;

- the deadline for service of Defendants' rebuttal report[s] be extended from August 10, 2020 to **September 10, 2020**; and

- the deadline for completion of expert discovery be extended from August 31, 2020 to **September 30, 2020**.

This is the second request for an extension of these deadlines.  The prior requested extension of these deadlines was made on consent and So Ordered by the Court on April 21, 2020 (ECF Doc. 69).

Plaintiff's counsel has summarily rejected the instant request, stating, erroneously: "Your failure to appropriately pursue the discovery you now apparently believe you need is no basis for requesting another 30-day extension."



Plaintiff's statement mischaracterizes the history and status of fact discovery. It was not until last Friday, June 5, that, after weeks of meaningful efforts by the Co-Executors to resolve Plaintiff's refusal to, among other things, produce all of her medical records (and not only those records which her counsel deems relevant to this action) – among the most critical discovery in this action – that her counsel declared impasses regarding those, and other, issues. Regrettably, we now need the Court's assistance to resolve the parties' disputes.

Meanwhile, neither side is finished searching for and producing documents. Yesterday, both sides proposed numerous additional ESI search terms to each other.[1] (Plaintiff's counsel did so in the very email in which they rejected our request for their consent to this extension.)

Two days ago, Plaintiff's counsel provided notice, for the first time, that they were subpoenaing for depositions two non-parties known to them since before they filed this action. (We have no issue with the timing of such notice given the parties are in the midst of fact discovery and, until now, had been working cooperatively to resolve all discovery issues.) Yesterday – just one day later – counsel for Defendants, under the belief that the parties were working at the same pace and cooperatively, disclosed a list of nine non-parties they intend to subpoena for depositions that would occur prior to Plaintiff's Rule 35 examination and deposition. These non-parties comprise five healthcare providers who treated Plaintiff for alleged conditions for which she seeks compensatory and punitive damages in this action, and four fact witnesses. Plaintiff contends that, merely because the existence of these parties was known to Defendants since Plaintiff provided written discovery responses identifying them in April or, for one of them, earlier, Defendants' subpoenas were noticed too late. However, Plaintiff ignores that both sides have yet to complete their document productions – something which should generally occur before depositions take place, subject to narrow, reasonable exceptions – and that Plaintiff just noticed subpoenas late Monday evening.

Further, it was not until late last week that Plaintiff's counsel proposed firm dates for Plaintiff's deposition and Rule 35 examination. It was also not until last Friday that Plaintiff's counsel announced an impasse regarding Plaintiff's failure to produce her complete medical records notwithstanding Plaintiff's ongoing failure to articulate any undue burden in producing them. Of course, Defendants would be unfairly prejudiced if they were forced to depose Plaintiff before the issue of her medical records is fully resolved.

In sum, under the circumstances, a thirty-day extension is neither extreme nor unfairly prejudicial to anyone.

---

[1] Plaintiff's counsel has twice suggested ESI search terms for Defendants to use. Each time, Defendants accommodated Plaintiff's counsel's request.



                    Respectfully submitted,

                    *s/Bennet J. Moskowitz*
                    Bennet J. Moskowitz

cc: Counsel of Record (via ECF)