UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

       Plaintiff,                                         CASE NO.: 1:19-cv-08673 (KPF) (DCF)

v.

DARREN K. INDYKE AND RICHARD D.
KAHN, in their capacities as the executors
of the ESTATE OF JEFFREY E. EPSTEIN,

       Defendants.

---

## CO-EXECUTORS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), through their undersigned counsel, hereby respond to the numbered paragraphs of Plaintiff's Complaint (ECF Doc. 1) as follows:

### INTRODUCTION

1.      Paragraph 1 of the Complaint states legal conclusions to which no responses are required. To the extent responses to those legal conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint states legal conclusions to which no responses are required. To the extent responses to those legal conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states legal conclusions to which no responses are required. To the extent responses to those legal conclusions or the remainder of the paragraph are

108706653

required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.       The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, except admit the existence of the 2019 indictment (*U.S. v. Epstein*, 19-cr-490 (S.D.N.Y.)) (the "Indictment") of Jeffrey E. Epstein, now deceased (the "Decedent"), and refer thereto for the full text, terms and meaning thereof.

5.       The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6.       The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

### THE PARTIES

7.       The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8.       The Co-Executors admit the allegations in Paragraph 8 of the Complaint.

9.       The Co-Executors admit the allegations in Paragraph 9 of the Complaint.

### JURISDICTION AND VENUE

10.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11.      The Co-Executors admit the allegations in the first sentence of Paragraph 11 of the Complaint.  The second sentence of Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors deny the allegations in the second sentence of Paragraph 11 of the Complaint insofar as they purport to characterize 28 USC § 1332, and refer thereto for the full text, terms and meaning thereof.

- 2 -

12.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint; except the Co-Executors deny the allegations in Paragraph 13 of the Complaint insofar as they purport to characterize 28 USC § 1391, and refer thereto for the full text, terms and meaning thereof.

## JURY DEMAND

14.     Paragraph 14 of the Complaint purports to state Plaintiff's jury demand to which no response is required.

## FACTUAL ALLEGATIONS[1]

15.     The Co-Executors deny the allegations Paragraph 15 of the Complaint, except admit that Decedent, who is not a defendant in this action, was born in Brooklyn, New York in 1953.

16.     The Co-Executors, upon information and belief, admit the allegations in Paragraph 16 of the Complaint, except deny that J. Epstein & Co. was a money management business and deny that Decedent operated it until his death.

17.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, except admit that, in1998, Decedent

---

[1] The Complaint utilizes subheadings throughout this section.  No response is required.  However, to the extent the subheadings present factual allegations, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of these allegations.  The subheadings also state legal conclusions, no responses are required.  To the extent responses to these legal conclusions are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of these allegations.

108706653

beneficially owned residences in Manhattan, New Mexico, Palm Beach, Florida and a private island in the United States Virgin Island; and admit that Decedent at one time beneficially owned a Boeing 727 and an apartment in Paris.

18.     Paragraph 18 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those legal conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, except admit that the New York Times published a story attributing the quoted language to Decedent.

20.     The Co-Executors deny the first and second sentences of Paragraph 20 of the Complaint to the extent they purport to characterize a 2007 Non-Prosecution Agreement (the "NPA") entered by Decedent, and refer thereto for the full text, terms and meaning thereof.  The Co-Executors deny the remainder of the allegations of Paragraph 20 of the Complaint except admit that, following entry of the NPA, Decedent served 13 months in jail during a portion of which time he was given 12 hours of work release for six days a week.

21.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

108706653

35.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those legal conclusions or the remainder of the paragraph are

- 6 -

required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46.     The Complaint does not contain a paragraph numbered 46.

47.     Paragraph 47 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to that legal conclusion or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51.     The Co-Executors admit that the NPA refers to Ms. Kellen and Ms. Groff as potential co-conspirators of Decedent, and refer thereto for the full text, terms and meaning thereof.

52.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.  The Co-Executors further state that, to the extent the allegations in Paragraph 52 of the Complaint characterize a newspaper report, the report speaks for itself.

53.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

108706653

55.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Complaint.

56.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     The Co-Executors admit that Decedent was indicted in July 2019, and refer to the Indictment for the full text, terms and meaning thereof.  Paragraph 62 of the Complaint also states a legal conclusion to which no response is required. To the extent a response to that legal conclusion or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint, except admit that Decedent died on

August 10, 2019 and that New York City's chief medical examiner has concluded that Decedent's cause of death was suicide.

64.     The Co-Executors admit the allegations contained in Paragraph 64 of the Complaint.

65.     The Co-Executors deny the allegations in Paragraph 65 of the Complaint to the extent they purport to characterize Decedent's last will and testament and accompanying affidavits, as well as a probate petition, except admit the existence of the foregoing documents and refer thereto for their full text, terms and meanings thereof.

66.     The Co-Executors deny the allegations in Paragraph 66 of the Complaint to the extent they purport to characterize Decedent's last will and testament, except admit the existence of the last will and testament and refer thereto for the full text, terms and meaning thereof.

67.     The Co-Executors deny the allegations in Paragraph 67 of the Complaint to the extent they purport to characterize a court filing, except admit the existence of the court filing and refer thereto for the full text, terms and meaning thereof.

68.     The Co-Executors deny the allegations in Paragraph 68 of the Complaint to the extent they purport to characterize court filings, except admit the existence of the court filings and refer thereto for the full text, terms and meanings thereof.

## CAUSES OF ACTION

### COUNT ONE
**Sexual Assault**

69.     The Co-Executors incorporate by reference all preceding paragraphs as if set forth fully herein.

70.     Paragraph 70 of the Complaint states legal conclusions to which no responses are required.   To the extent responses to those conclusions or the remainder of the paragraph are

- 9 -

required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73.    Paragraph 73 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors deny the allegations of Paragraph 73 of the Complaint to the extent they characterize statutes, and refer to the statutes for the full text, terms and meanings thereof.

**COUNT TWO**
**Sexual Battery**

74.    The Co-Executors incorporate by reference all preceding paragraphs as if set forth fully herein.

75.    Paragraph 75 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

108706653

76.     Paragraph 76 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors deny the allegations of Paragraph 77 of the Complaint to the extent they characterize statutes, and refer to the statutes for the full text, terms and meanings thereof.

**COUNT THREE**
**Intentional Infliction of Emotional Distress**

78.     The Co-Executors incorporate by reference all preceding paragraphs as if set forth fully herein.

79.     Paragraph 79 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint.

108706653

82.     Paragraph 82 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors deny the allegations of Paragraph 82 of the Complaint to the extent they characterize statutes, and refer to the statutes for the full text, terms and meanings thereof.

**COUNT FOUR**
**Negligent Infliction of Emotional Distress**

83.     The Co-Executors incorporate by reference all preceding paragraphs as if set forth fully herein.

84.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 84 of the Complaint.  The second sentence of Paragraph 84 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint states legal conclusions to which no responses are required.  To the extent responses to those conclusions or the remainder of the paragraph are required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint.

86.     Paragraph 84 of the Complaint states a legal conclusion to which no response is required.  To the extent a response to those conclusions or the remainder of the paragraph is required, the Co-Executors deny the allegations of Paragraph 84 of the Complaint to the extent they characterize statutes, and refer to the statutes for the full text, terms and meanings thereof.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraph following Paragraph 86 of the Complaint purports to state Plaintiff's prayers for relief, to which responses are not required. Moreover, on June 23, 2020, the Court entered an Order dismissing plaintiff's prayer for punitive damages against the Co-Executors (ECF Doc. 84). Therefore, and for that additional reason, no response to that prayer for relief is required. To the extent a response to the "WHEREFORE" paragraph is required, the Co-Executors, based on lack of knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, deny that Plaintiff is entitled to any of the relief described therein, or to any relief whatsoever.

The Co-Executors deny any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

The Co-Executors, to the extent required by Fed. R. Civ. P. 8(c), assert the following affirmative defenses. By pleading these defenses, the Co-Executors do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.      Failure to State a Claim. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      No Damages and Failure to Mitigate. Plaintiff's claims are barred to the extent Plaintiff has not suffered any damages; alternatively, Plaintiff's claims are barred to the extent Plaintiff has not been damaged to the extent alleged, and failed to mitigate any damages she may have suffered.

- 13 -

3.     Contributory Negligence. If Plaintiff suffered or sustained any loss, injury, damage or detriment, and the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, negligence, and/or intentional misconduct of Plaintiff, Plaintiff's recovery herein is partially or completely barred.

4.     Assumption of Risk.  Plaintiff's claims are barred to the extent that, at the time and place of the incidents alleged in Plaintiff's Complaint, Plaintiff knew of and fully understood the danger and risks incident to their undertaking; but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed herself to all risks of harm and the consequential injuries and resultant damages, if any.

5.     Comparative Fault of Third Parties.  If and to the extent that the Co-Executors are subjected to any liability to Plaintiff due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and intentional misconduct of persons or entities other than Decedent, any recovery obtained by Plaintiff against the Co-Executors should be reduced in proportion to the respective negligence and fault and legal responsibility of all such other persons and entities, and their agents, servants and employees who contributed to or caused any such injury or damages, in accordance with the law of comparative negligence; the liability of the Co-Executors, if any, is limited in direct proportion to the percentage of fault actually attributed to Decedent.

6.     Statute of Limitations. The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including without limitation because the New York Child Victims' Act, including without limitation CPLR 214-g, violates the New York Constitution and the U.S. Constitution.

7.     Intervening/Superseding Causes. To the extent the injuries and damages which Plaintiff alleges were proximately caused by, or contributed to by, the acts of other persons or other entities, and said acts were intervening or superseding causes of the injuries and damages, if any, which Plaintiff alleges, Plaintiff is barred from any recovery against the Co-Executors.

8.     Waiver, Estoppel, Laches. Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

9.     Punitive Damages Barred. To the extent Plaintiff seeks damages that are punitive in nature, they are barred including without limitation pursuant to N.Y. E.P.T.L. § 11-3.2 and the Court's June 23, 2020 Order (ECF Doc. 84).

10.    Duplicative Claims. Plaintiff's claims are barred to the extent she is simultaneously prosecuting her claims in the Southern District of New York and the Superior Court of the Virgin Islands Division of St. Thomas and St. John.

The Co-Executors have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such affirmative defenses as they may become available or apparent during discovery. The Co-Executors further reserve the right to amend their Answer accordingly.

108706653

Dated: New York, New York
July 14, 2020

By: */s/ Bennet J. Moskowitz*
Bennet J. Moskowitz
TROUTMAN PEPPER LLP
875 Third Avenue
New York, New York 10022

*Attorneys for Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein*

- 16 -

108706653